UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                          No. 01-4319

LARRY DEMETRIC PARKER,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-359)

Submitted: October 10, 2001

Decided: October 24, 2001

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Benjamin H. White, Jr., United States Attorney, Angela H. Miller,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Larry Demetric Parker pled guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced to 110 months imprisonment. Parker appeals his sentence, contending that the district court erred in finding that Parker's possession of the firearm facilitated or potentially facilitated another felony offense, *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). We affirm.

Parker was arrested after he sold heroin to an informant under surveillance. In a search of his apartment, authorities found more heroin and a firearm. Parker gave a statement in which he said he knew that, as a convicted felon, he could not possess a firearm, but that he needed the gun for protection. The government also produced evidence at the sentencing hearing that Parker had sold heroin from his home on occasion. In sentencing Parker, the district court determined that he had possessed the firearm in connection with drug trafficking, another felony, and that the sentence enhancement under § 2K2.1(b)(5) was appropriate.

The government has the burden of showing facts necessary to establish the applicability of an enhancement under § 2K2.1(b)(5) by a preponderance of the evidence, and the district court's fact findings are reviewed for clear error. *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). This court has held that the terms "used" and "in connection with," as used in subsection (b)(5), are analogous to the terms "used" and "in relation to" in 18 U.S.C.A. § 924(c) (West 2000). *Id.* (extending holding in *United States v. Nale*, 101 F.3d 1000, 1003 & n.3 (4th Cir. 1996) to § 2K2.1(b)(5)). A firearm may be used in connection with another felony if it "facilitates or has a tendency to facilitate the felony offense." *Garnett*, 243 F.3d at 829 (citing *Smith v. United States*, 508 U.S. 223, 237 (1993)).

Parker argues that there was no evidence to support the court's finding that his firearm facilitated or potentially facilitated his drug offense. However, the district court found that Parker's drug offense was facilitated by his possession of the firearm in that he kept it to protect himself and his drugs. Parker's statement that he needed the gun for protection provides factual support for the district court's finding. Thus, we cannot say that the district court's finding was clearly erroneous. *See United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (recognizing that weapons, such as firearms, are tools of the drug trade).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*