UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TYRICE STANARD HAUSER,
          *Defendant-Appellant.*

No. 01-4629

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-309)

Submitted: May 13, 2002

Decided: June 12, 2002

Before WIDENER, LUTTIG, TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

M. Gordon Widenhouse, Jr., RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Chapel Hill, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, Angela H. Miller, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Tyrice Stanard Hauser was convicted by a jury of one count of possession of a firearm after having been convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Hauser was sentenced to one hundred twenty months in prison, three years of supervised release, and a $100 special assessment. Hauser appeals his conviction and sentence. Finding no error, we affirm.

Hauser first contends that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove he possessed the handgun. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Hauser stipulated to a disqualifying prior conviction and the interstate or foreign commerce element. He argues the evidence did not show he exercised dominion or control over the firearm at any time. Our review of the record convinces us that the evidence was sufficient to establish Hauser's possession of the handgun.

Hauser next asserts that improper comments by the prosecutor during closing argument prejudiced the jury against him and denied him

a fair trial. A prosecutor's improper closing argument may "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, we evaluate whether the remarks were, in fact, improper, and, if so, whether the improper remarks "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *Id.* We have reviewed the challenged remarks by the prosecutor in the context of the entire trial and closing argument by defense counsel. We conclude that the prosecutor's comments were not improper, but were merely an explanation for the lack of fingerprint evidence that was highlighted by defense counsel's argument. *See Howard v. Moore*, 131 F.3d 399, 421 (4th Cir. 1997) (en banc). Moreover, even if we were to conclude that the remarks were improper, our analysis of those remarks under the six factors articulated in *Wilson* convinces us they were not so prejudicial as to deny Hauser a fair trial. *See Wilson*, 135 F.3d at 299.

Hauser's final argument is that the district court erred in enhancing his offense level for possession of the handgun in connection with another felony. A sentencing court should apply the enhancement under § 2K2.1(b)(5) "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). The application notes to this section define felony offense as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG § 2K2.1, comment. (n.7). The presentence report recommended this enhancement because Hauser possessed a firearm in connection with the offenses of possession with intent to sell or deliver marijuana and possession with intent to sell or deliver cocaine.

Hauser stipulated that the contents of a plastic bag found mere inches from the firearm included 54.5 grams of marijuana and 1.4 grams of cocaine. In addition to the firearm and drugs, $1327 in cash was found in Hauser's pants pockets during a search incident to his arrest. Our review of the record convinces us that Hauser's possession of the handgun that was the subject of his conviction under § 922 was

"in connection with" his possession of distribution quantities of cocaine and marijuana. The district court therefore properly enhanced Hauser's sentence. *See United States v. Garnett*, 243 F.3d 824, 828-28 (4th Cir. 2001); *United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999).

Accordingly, we affirm Hauser's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*