UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                      No. 02-4966

ANTHONY TERRELL GARNER,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron M. Currie, District Judge.
(CR-01-945)

Submitted: May 12, 2003

Decided: June 2, 2003

Before NIEMEYER and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

<hr>

**OPINION**

PER CURIAM:

Anthony Terrell Garner pled guilty to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Counts 1 and 2), and one count of possession with intent to distribute marijuana, 21 U.S.C. § 841(b)(1)(D) (2000) (Count 4). He received concurrent sentences of 120 months for the firearms offenses and sixty months for the marijuana offense. Garner appeals his sentence, arguing that the district court erred in making a four-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2001), after finding that he possessed a firearm in connection with another felony offense. We affirm.

On January 1, 2001, Garner was arrested on a number of state charges, including unlawful possession of two firearms, one of them a stolen pistol. On April 3, 2002, a federal search warrant was executed at the mobile home where Garner lived with his girlfriend. Law enforcement officers seized 31.4 grams of marijuana packaged for sale and stored in a zip-lock plastic bag, another 54.95 grams of marijuana packaged for sale and stored in a Crown Royal bag, and a small amount of cocaine that Garner had in his pants pocket. They also found an unloaded .380 caliber pistol under the mattress of Garner's bed. Garner admitted that the gun and the marijuana were his and pled guilty to the instant offenses.

At sentencing, the district court determined that Garner possessed the gun seized from his residence on April 3 in connection with his marijuana dealing, despite Garner's testimony that he bought the gun for the sole purpose of selling it and did not sell drugs from his home. A factor in the court's decision was Garner's statement at the sentencing hearing that he had in the past carried a gun for protection while selling marijuana and later sold that gun.

Because Garner admitted that the gun seized on April 3 belonged to him, the only issue on appeal is whether the district court correctly

determined that he possessed it in connection with his marijuana offense. The parties agree that the phrase "in connection with," as used in § 2K2.1(b)(5), has been held by this Court to have the same meaning as it does in § 2K2.1(c)(1), and that both phrases are analogous to the "in relation to" language in 18 U.S.C. § 924(c) (2000). *See United States v. Garnett*, 243 F.3d 824, 828 & n.6 (4th Cir. 2001). The district court's factual findings with respect to applicability of the enhancement are reviewed for clear error. *Id.* at 828. To prove that a firearm was possessed "in relation to" another felony, the government must show that the gun had "some purpose or effect with respect to" the other felony, and facilitated or had the potential to facilitate the other offense. *United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000) (quoting *Smith v. United States*, 508 U.S. 223, 237 (1993)). The presence of the firearm may not be simply accidental or coincidental, but it is sufficient "if the firearm was present for protection or to embolden the actor." *Id.* (citing *United States v. Mitchell*, 104 F.3d 649, 654 (4th Cir. 1997)).

Garner argues that no reliable evidence established a connection between his drug sales and the pistol found in his home. He suggests that his case is like *United States v. Wilson*, 115 F.3d 1185, 1191-92 (4th Cir. 1997) (reversing § 924(c) conviction where informant who approached the defendant to buy marijuana bought rifle instead, because there was no evidence that the rifle facilitated or had the potential to facilitate a drug offense). *Wilson* is distinguishable from Garner's case, however, because Garner admitted that he had used a gun to protect himself while selling drugs. The gun seized from Garner's house had the potential to facilitate his drug dealing. Garner could easily have obtained ammunition for the gun and, even unloaded, the gun could have been used to intimidate. Therefore, the district court did not clearly err in finding that Garner possessed the gun in connection with his drug business.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*