<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4132**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EMANUEL HARRIS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-02-94)

───────────

Submitted: August 28, 2003          Decided: September 12, 2003

───────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Emanuel Harris pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to fifty-two months imprisonment to be followed by three years of supervised release and ordered him to pay a $1500 fine and a $100 special assessment. Harris appeals his sentence. His counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue, but stating that, in his view, there are no meritorious issues for appeal. Harris was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Harris' counsel raises as a potential issue the district court's application of a two-level increase under U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2002), based upon the finding that the offense involved five firearms. Counsel asserts that Harris should have been held accountable only for the two firearms charged in the superseding indictment and not the three additional firearms seized from his home. We disagree. "Enhancements under Section 2K2.1(b) consistently reference the term 'offense,' not merely 'offense of conviction.'" United States v. Bostic, 168 F.3d 718, 724 (4th Cir. 1999). The district court properly determined Harris' offense level by including relevant conduct. See id.; USSG § 1B1.1, comment. (n.1(k)). We therefore find that the district court did not clearly err in applying the enhancement. United

States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (stating standard of review).

As required by Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Harris' conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED