UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 03-4595

SAMUEL DAVIS, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-307-BO)

Submitted: December 24, 2003

Decided: January 28, 2004

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

David W. Venable, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Davis, Jr., pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 108 months imprisonment. Davis appeals his sentence, challenging the district court's decision to enhance his sentence on the grounds that (1) the offense involved between three and seven firearms, *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(1)(A) (2002); (2) Davis possessed a stolen firearm with an obliterated serial number, USSG § 2K2.1(b)(4); (3) Davis possessed a firearm in connection with another felony offense, USSG § 2K2.1(b)(5). We affirm.

Davis had two felony drug convictions when he was arrested in a house where surveillance had indicated that drug activity was taking place. Three other people were present. On a table in front of one of them was 10.3 grams of crack cut into $20 pieces. A .390 semiautomatic pistol was on a television stand. Davis was seated on a couch with a 9mm pistol next to his leg. Davis' brother Matthew was on another couch with a Ruger .357 Magnum next to his leg. The Ruger was stolen and its serial number had been obliterated.

Davis objected to the probation officer's recommendation for a two-level enhancement for an offense involving three-to-seven firearms pursuant to USSG § 2K2.1(b)(1)(A), a two-level enhancement for a firearm that was stolen or had an obliterated serial number, USSG § 2K2.1(b)(4), and a four-level enhancement because Davis possessed a firearm in connection with another felony offense, i.e., drug trafficking, USSG § 2K2.1(b)(5). He argued that he should be held responsible only for the 9mm pistol he personally possessed because he did not have actual or constructive possession of any other firearm. The district court determined that Davis had been involved in a joint criminal activity with the others present and had constructively possessed his co-conspirators' firearms. On appeal, Davis contests the district court's rulings with respect to the disputed enhancements.

We first review the district court's determination that Davis possessed or constructively possessed all three firearms. The district

court's factual findings are reviewed for clear error. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). Although Davis asserted in his objections to the presentence report that he had possession only of the gun lying next to his leg on the couch, the district court found that he had constructive possession of all three firearms in the room where he was arrested. Constructive possession exists when "the defendant exercised, or had the power to exercise, dominion and control over the item." *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997) (quoting *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992)).

Davis argues that the government failed to show that he exercised or had the power to exercise dominion and control over the two guns that were not in his personal possession. He points out that he did not own or reside at the house where the guns were. However, the firearms in the room where Davis was arrested were readily accessible to him: one was in his brother's possession and the other was lying unattended on the television stand. Davis also contends that there was no evidence that he was involved in a concerted criminal activity with the others present, and asserts that he was simply a guest. However, Davis' prior record of drug and firearm offenses supported the district court's conclusion that the circumstances indicated that Davis was present for drug activity. Moreover, Davis presented no evidence that his brother or the other people in the room would have denied him access to either of the firearms. Therefore, the district court did not clearly err in finding that Davis possessed a total of three firearms and in making the two-level enhancement pursuant to § 2K2.1(b)(1)(A).

Davis argues here also that the enhancement for a stolen firearm or one with an obliterated serial number was incorrect because the evidence did not show that he had actual or constructive possession of the .357 Magnum revolver that was under his brother Matthew's leg. For the reasons explained earlier, the district court did not clearly err in finding that Davis had constructive possession of the firearm and in making the enhancement for possession of a stolen firearm or one with an obliterated serial number pursuant to § 2K2.1(b)(4).

Finally, Davis challenges the four-level enhancement that applies if the defendant used or possessed the firearm "in connection with another felony offense." USSG § 2K2.1(b)(5). The government has

the burden of proving the necessary facts by a preponderance of the evidence. *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). In this Circuit, "in connection with" is treated as analogous to "in relation to," as used in 18 U.S.C. § 924(c) (2000). *United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003). That is, the firearm must facilitate or have the tendency to facilitate another offense. *Id.* (citation omitted). "[T]he firearm must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* (quoting *Smith v. United States*, 508 U.S. 223, 238 (1993)). But it is sufficient if the gun is "present for protection or to embolden the actor." *United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000) (citation omitted).

Here, Davis had prior drug convictions and was present with several others known to be involved in drug dealing in a house where drug trafficking had been taking place. Crack packaged for sale and firearms were present. On these facts, the district court did not clearly err in concluding that Davis possessed the gun to facilitate the ongoing drug offense. Therefore, the court's decision that the enhancement applied was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*