PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MICHAEL TRACY GARNETT,
    *Defendant-Appellant.*

No. 99-4818

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-114)

Argued: December 8, 2000

Decided: March 13, 2001

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Luttig wrote the
opinion, in which Judge Widener and Judge Michael joined.

---

## COUNSEL

**ARGUED:** Edward Henry Weis, Assistant Federal Public Defender,
Charleston, West Virginia, for Appellant. Steven Ian Loew, Assistant
United States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Hunt L. Charach, Federal Public Defender, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Charleston, West Virginia, for Appellee.

**OPINION**

LUTTIG, Circuit Judge:

Appellant Michael Tracy Garnett pled guilty to a single violation of 18 U.S.C. § 922(j) for possession of a machine gun. On appeal, he contends that the district court's enhancement of his sentence pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(5) was unwarranted because he did not use the machine gun in connection with a second felony offense.[1] The district court's findings support the inference that Garnett used the machine gun to facilitate a second drug-related offense. However, these same findings do not support the conclusion that such offense rose to the level of a *felony* offense, as section 2K2.1(b)(5) requires. We therefore remand for additional fact-finding and, if necessary, resentencing.

I.

It is uncontroverted that Garnett stole a German Schmeisser machine gun that he knew was worth $1300. And, after he stole the machine gun, Garnett contacted Pat Shively, who informed Garnett that he could sell the gun for Garnett. Garnett gave the machine gun to Shively and admits that he expected that Shively would sell the machine gun and obtain cocaine base with the proceeds. In fact, Shively returned to Garnett with $20 worth of cocaine base and without the machine gun.

Three days later, local law enforcement officials questioned Garnett, and he confessed to stealing the machine gun. Garnett admitted during the interview that he transferred the gun to Shively and Shively "took it down the road so they could sell it and come back with $20 worth of crack." The officers later located Shively and

---

[1]Garnett's base level offense under the U.S.S.G. was 20, and his enhancements resulted in a total offense level of 26. Garnett's Criminal History Category was II, and the Guidelines range for imprisonment was 70 months to 87 months. Garnett was sentenced to 70 months, the minimum term of imprisonment. Absent the section 2K2.1(b)(5) enhancement at issue here, Garnett's sentencing range would have been 41 to 51 months.

recovered the stolen machine gun from him; contrary to Garnett's expectations, Shively had not sold the machine gun.

Garnett signed a plea agreement in which he agreed to waive indictment and enter a guilty plea to one count of possession of a firearm in violation of 18 U.S.C. § 922(j).[2] The presentence report ("PSR") recommended that the district court enhance Garnett's sentence by two levels pursuant to U.S.S.G. § 2K2.1(b)(4) because the machine gun was stolen.[3]

Garnett's sentence was also enhanced by four levels because the firearm was used "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(5). Section 2K2.1(b)(5) provides a four-level enhancement,

> [i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

Garnett objected to this enhancement, claiming that it could not apply because the machine gun was not used in connection with an eligible felony offense.

The PSR identified as "another felony offense" both conspiracy to possess with intent to distribute cocaine and transfer of stolen property. Garnett objected to the PSR on the grounds that, while he intended that Shively would sell the machine gun, purchase cocaine base with the proceeds, and give the cocaine base to Garnett, there was no evidence in the record to support a conspiracy to possess with the intent to distribute cocaine. Therefore, he insisted, the only possible offenses related to the transfer of the machine gun are: (1) a fire-

---

[2]18 U.S.C. § 922(j) provides in relevant part: "It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . which has been shipped or transported in, interstate or foreign commerce . . . knowing or having reasonable cause to believe that the firearm . . . was stolen."

[3]Garnett does not appeal this enhancement and we do not consider it.

arms trafficking offense, which cannot serve as the basis for the section 2K2.1(b)(5) enhancement,[4] or (2) a misdemeanor drug possession offense, which also cannot satisfy the enhancement prerequisite of "another felony offense."[5]

The district court rejected Garnett's analysis and applied the 2K2.1(b)(5) enhancement, explaining at the sentencing hearing that "[d]efendant stole a gun that he intended to trade or sell so he could acquire cocaine base and he enlisted Mr. Shively into the venture and that qualifies as another offense, either an attempt or conspiracy or both." In its Memorandum of Sentencing Hearing and Report of Statement of Reasons, the district court held as follows:

> [F]ound and concluded that second offense was a conspiracy to transfer the stolen machine gun, worth as much as $1,300, for cocaine base in addition to the $20 worth received immediately. The Court held this constituted a conspiracy, within the meaning of 18 U.S.C. § 371, to violate the laws of the United States against drug trafficking.

J.A. 81-82. Although Garnett's counsel agreed that Garnett was seeking more than $20 worth of cocaine for the $1300 machine gun, the government presented no evidence, and the district court entered no factual finding, with respect to the amount of cocaine base Garnett expected or planned to receive from Shively over time in exchange for the $1300 machine gun.

---

[4]Such offenses are not eligible bases for imposing the section 2K2.1(b)(5) enhancement as U.S.S.G. § 2K2.1, cmt. n.18 provides in pertinent part: "As used in subsections (b)(5) and (c)(1), 'another felony offense' and 'another offense' refer to offenses other than explosives or firearms possession or trafficking offenses."

[5]"'Felony offense,' as used in subsection (b)(5) means any offense . . . punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1, cmt. n.7.

## II.

In order to apply the sentence enhancement provided by U.S.S.G. § 2K2.1(b)(5), the district court must find both that a firearm was used (or that the defendant possessed or transferred the firearm expecting that it would be used) and that such use was "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The government bears the burden of proving the facts necessary to establish the applicability of this enhancement by the preponderance of the evidence, and we review the district court's findings of fact for clear error, giving due deference to the district court's application of the Guidelines to the facts. *See United States* v. *Nale*, 101 F.3d 1000, 1003 & n.3 (4th Cir. 1996).

The requirement for "another felony offense," is both precisely demarcated and specifically defined in U.S.S.G. § 2K2.1, cmt. n.7: the second criminal offense must be punishable by imprisonment for a term exceeding one year. And while neither "used" nor "in connection with" is defined in the Guidelines, these terms are deemed analogous to the terms "use" and "in relation to" found in 18 U.S.C. § 924(c). *See id.* at 1003-04 ("used" "in connection with" language of section 2K2.1(c)[6] is analogous to "use" "in relation to" language in section 924(c)).[7] Such "use" is defined expansively. Thus, a district

---

[6]Section 2K2.1(c) is a cross-reference that employs the same language as section 2K2.1(b)(5), and the terms therein have the same meaning.

[7]Section 924(c)(1)(A) states in pertinent part:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1).

court may find that a firearm is "used" "in connection with" another felony offense if it facilitates or has a tendency to facilitate the felony offense. *See United States* v. *Smith*, 508 U.S. 223, 237 (1993). This includes trading a firearm for drugs. *Id.* at 228; *see also Bailey* v. *United States*, 516 U.S. 137, 148 (1995) ("active employment" of a firearm constitutes "use," to include "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm"); *United States* v. *Lipford*, 203 F.3d 259, 267 (4th Cir. 2000) (firearm "used to facilitate drug trafficking" where gun's involvement is not "spontaneous" or "coincidental").

Garnett contests the imposition of the section 2K2.1(b)(5) enhancement on two grounds. First, he contends that his actions do not warrant imposition of the enhancement because there is not "another felony offense," as section 2K2.1(b)(5) requires. Second, Garnett insists that he did not "use" the machine gun within the meaning of section 2K2.1(b)(5). Garnett's factual concessions establish the necessary nexus between the machine gun and the cocaine base.[8] However, we ultimately agree with Garnett that the district court's factual findings are deficient with respect to whether the second offense is "another felony offense."

### III.

Although the district court made general reference to the existence of "another felony offense" and a "qualifying offense," it neglected to make specific findings on the amount of cocaine base involved — or even findings from which such amount could be inferred — though it is precisely this amount that would provide the necessary factual basis to support its conclusion that the second offense was "another felony offense." We are confident that, in this case, no less than five grams of a substance containing cocaine base must be implicated in the second offense for the enhancement to apply because the evidence does not support a finding that Garnett was involved in a conspiracy to distribute drugs and we cannot accept the government's contention that any trade of a gun for drugs — irrespective of type or amount —

---

[8]Garnett himself does not contest the factual findings of the district court, excepting its suggestion that he intended or believed that Shively would "trade" the gun for drugs.

constitutes a violation of 18 U.S.C. § 924(c). *See infra* 9-11; 21 U.S.C. § 844; 18 U.S.C. 924(c)(2). Moreover, possession of less than five grams of cocaine base constitutes a misdemeanor only and cannot serve as either "another felony offense," for purposes of U.S.S.G. § 2K2.1(b)(5), or as "a drug trafficking offense," for purposes of 18 U.S.C. § 924(c)(1), as those terms are defined.

## A.

While we could affirm the enhancement if there was even evidence that Garnett believed or had reason to believe when he transferred the gun to Shively that the gun would be used "in connection with" "another felony offense," no such evidence currently exists. For, we agree with Garnett that neither the PSR nor the sentencing record supports, by a preponderance of the evidence, the conclusion that Garnett conspired, either with Shively alone, or with Shively and a third party, to possess cocaine base with the intent to distribute — a felony offense.[9]

Further, even assuming that Shively's trading of the machine gun for an unknown quantity of cocaine base would constitute "another felony offense" for purposes of the section 2K2.1(b)(5) enhancement, and even though it is true that the district court stated at various points that Garnett expected or believed that Shively would "trade or sell" the machine gun in exchange for drugs, the record contains no evidence, let alone a preponderance of evidence, that Garnett intended, agreed, believed, or had reason to believe that Shively would *trade* the machine gun to a third party in exchange for cocaine base. Indeed, contrary to the government's assertions during oral argument, the evidence in the record shows that Garnett expected Shively to *sell* the gun and purchase cocaine base with the proceeds of the sale. *See* J.A. 8, 95. But such sale would constitute a firearms trafficking offense

---

[9]Indeed, the only evidence is that Garnett conspired with Shively to obtain cocaine, and, given the total absence of evidence in the record regarding a third party, we cannot engage in supposition that the third party even knew of Garnett or the machine gun, let alone had entered into anything beyond a buyer-seller arrangement with Garnett. Neither, on these facts, can we conclude that Garnett believed or had reason to believe such to be the case.

and, as such, is not "another felony offense" for purposes of section 2K2.1(b)(5).

Of course, irrespective of one stated basis for imposition of the enhancement, we can affirm Garnett's sentence on the basis of "any conduct [in the record] that independently and properly should result in an increase in the offense level" by virtue of the enhancement. *United States* v. *Ashers*, 968 F.2d 411, 414 (4th Cir. 1992) (if one basis for application of an enhancement is erroneous, enhancement may be affirmed based on correctly determined alternative basis). The record provides two such potential bases for imposition of the section 2K2.1(b)(5) enhancement, both of which were addressed by the district court, and both of which are based on the factual findings that Garnett enlisted the help of Shively to obtain cocaine base and agreed to Shively's sale[10] of the stolen machine gun, worth as much as $1,300, in order to achieve that end.

First, whether described as a violation of 18 U.S.C. § 371 (conspiracy to commit an offense) or as a violation of 21 U.S.C. § 846 (conspiracy to commit any offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.), ample evidence supports the finding that Garnett conspired with Shively to possess cocaine base and used the machine gun to effect the object of that conspiracy. Second, during the course of Garnett's sentencing hearing, the district court also, albeit less clearly, addressed a violation of 18 U.S.C. § 924(c) wherein Garnett gave the machine gun to Shively and received cocaine base in exchange. Either offense, if supported by a preponderance of the evidence, may provide sufficient grounds upon which to rest the (b)(5) enhancement.

## B.

However, despite evidence in the record that suggests two alternative offenses upon which Garnett's 2K2.1(b)(5) enhancement might be based, we nonetheless remand the case for further proceedings to develop the record. This is so even though we answer in the affirmative the question left open in *United States* v. *Fountain*, 993 F.2d

---

[10]The district court incorrectly added "trade" as an alternate disposition for the machine gun.

1136 (4th Cir. 1993), and hold that purchase, *i.e.*, possession, of a *felony* amount of cocaine base in violation of 21 U.S.C. § 844, constitutes a "drug trafficking crime" for purposes of section 924(c); we have no doubt that conspiracy to possess cocaine base may constitute a felony drug trafficking offense in some circumstances. *Id.* at 1137 n.1. We are similarly certain that transfer of a machine gun for cocaine base will — more often than not — satisfy the "drug trafficking crime" predicate for that offense. However, we cannot hold that this is invariably so, as would be required to affirm the sentence enhancement on the record before us, which lacks evidence that the drug offenses suggested therein are felony drug offenses.

## 1.

As one example, possession of less than five grams of cocaine base by a defendant with no prior drug convictions is punishable by imprisonment for up to one year only, and therefore is not a felony. 21 U.S.C. § 844. In contrast, however, that same section provides that *possession of five or more grams of a substance which contains cocaine base* is punishable by up to three years imprisonment — a felony. And, of course, the inchoate offenses of attempt and conspiracy are subject to the same punishments as the completed offense. *See*, *e.g.*, 21 U.S.C. § 846.

Here, we cannot say that the evidence is even in equipoise with respect to the amount of cocaine base that Garnett expected to receive, or stood to receive, over time in exchange for the $1300 machine gun. The government produced no evidence at sentencing, and the district court made no factual findings, either on this point or with respect to the amount of money which the stolen Schmeisser machine gun would bring on the black market. Thus, though Garnett has conceded that he was seeking more than $20 worth of cocaine for the $1300 machine gun and the district court so found, we have no record evidence that the amount of cocaine base met or exceeded five grams, as it must for the conspiracy to possess cocaine base to constitute "another felony offense" as section 2K2.1(b)(5) requires.

## 2.

A finding that Garnett expected to receive five or more grams of cocaine base in exchange for the $1300 machine gun is thus no less

necessary if the district court's "[ ]other felony offense" for purposes of the U.S.S.G. § 2K2.1(b)(5) enhancement is 18 U.S.C. § 924(c). Indeed, such amount of cocaine base is necessary to the very existence of an offense under 18 U.S.C. § 924(c) when the weapon is used "during and in furtherance of . . . [a] drug trafficking crime," and the individual charged is implicated in the *possession*, rather than the distribution, side of the drug trafficking transaction. This is necessarily the case, given the language of section 924(c) itself, read in conjunction with the statutory penalties for various aspects of a drug trafficking scheme.

In the first place, though each instance of drug distribution or possession with the intent to distribute cocaine base constitutes a felony irrespective of the amount of cocaine base involved, *see* 21 U.S.C. § 841(b), only purchase or possession of five or more grams of cocaine base constitutes a felony, *see supra* 9.

Second, a violation of section 924(c) has two elements: "(1) the defendant used or carried a firearm, and (2) the defendant did so during and *in relation to a drug trafficking offense* or *crime of violence*." *United States* v. *Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997) (emphasis added). At issue in this case is "drug trafficking offense," and for purposes of section 924(c) only *specified felonies* supply that element of the section 924(c) offense: A "drug trafficking crime" is "any *felony* punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)." 18 U.S.C. § 924(c)(2) (emphasis added). And, of course, the felony must be one for which, "the person [using the gun in furtherance of the drug trafficking offense] may be prosecuted in a court of the United States." 18 U.S.C. § 924(c). Here, Garnett may be deemed to have used the machine gun in connection with a drug trafficking offense under section 924(c) — trading the machine gun to Shively in exchange for drugs — only if he conspired to receive, or believed he would receive, five or more grams of cocaine base in exchange for the machine gun. Absent such a finding there is no "drug trafficking crime" as defined in section 924(c)(2), and hence no section 924(c) violation at all.

The government does not undertake this analysis of the statute yet boldly proclaims that *any time* a gun is traded for a controlled substance it constitutes a section 924(c) violation, which provides for a mandatory minimum sentence of three years.[11] In support of this proposition it cites *Smith*, which states quite baldly: "We therefore hold that a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of 924(c)(1)." *Smith*, 508 U.S. at 241.

Of course, the statutory language of section 924(c) itself requires that *Smith* be interpreted to encompass less then *every* criminal who trades his firearm for drugs; section 924(c) requires a *felony* drug trafficking offense. Furthermore, there is no call to resort to *Smith* for an interpretation of what satisfies the "drug trafficking crime" element of section 924(c): the question of whether the trade at issue therein constituted a "drug trafficking crime" was not presented in *Smith*. Rather, the issue addressed and decided in *Smith* was whether such trade of a gun for drugs constituted a "use" "during and in relation" to the drug trafficking offense. And the facts in *Smith* clearly indicate that the underlying offense — conspiracy to possess cocaine with the intent to distribute — was a felony offense, irrespective of amount. *See* 21 U.S.C. § 841(b); *Smith*, 508 U.S. at 237.

## IV.

Assuming that the necessary factual findings are made on remand, we note that Garnett's argument that he did not "use" the machine gun "in connection with" another offense, as those terms are understood for purposes of the (b)(5) enhancement, is unavailing. For, whether we assume that the predicate offense supporting imposition of the 2K2.1(b)(5) enhancement was a violation of 18 U.S.C. § 924(c) or a conspiracy to possess drugs simpliciter, in either instance the nexus between Garnett, the machine gun, and the cocaine base is unmistakable, and its status as "use" "in connection with" well-settled by precedent.

---

[11]We reject Garnett's argument that 18 U.S.C. § 924(c) may be characterized only as a weapons trafficking offense — even where its predicate offense is drug trafficking.

Undoubtedly, giving the gun to Shively and receiving cocaine base in return constitutes a "trade," and such circumstances can conclusively constitute "use" "during and in furtherance of" a drug trafficking offense. *Smith*, 508 U.S. at 241; *Bailey*, at 143. And it is no less clear that giving a firearm to a fellow conspirator to further the object of the conspiracy also constitutes use of the firearm "in connection with" (*i.e.*, to facilitate) the crime of conspiracy. *See United States* v. *Phan*, 121 F.3d 149, 153 (4th Cir. 1997) (transfer of firearms to co-conspirators, an overt act in furtherance of the conspiracy, constitutes "use" "in furtherance of" the crime of conspiracy).

Here, the object of the conspiracy between Garnett and Shively was to possess cocaine base in violation of 21 U.S.C. §§ 844 and 846, and they agreed to sell the machine gun in order to obtain the money needed to purchase the drugs. Thus, Garnett's agreement with Shively to sell the machine gun, and transfer of the machine gun to Shively, were overt acts — the manner and means by which they intended to achieve the object of their conspiracy. Garnett argues that the firearm was not "used" because Shively kept the gun. However, this argument is in vain because neither the law of conspiracy nor the language of section 2K.1(b)(5) requires that the *anticipated* use come to fruition. *See United States* v. *Feola*, 420 U.S. 671, 694 (1975) (criminal liability for conspiracy attaches for agreement to engage in a criminal venture "plus an overt act in pursuit of it, regardless of whether the crime agreed upon is ever committed."); U.S.S.G. § 2K2.1(b)(5) ("or transferred any firearm or ammunition *with knowledge, intent, or reason to believe* that it would be used or possessed in connection with another felony offense") (emphasis added). Just as a firearm traded for drugs is "an integral part of the transaction," without which "the deal would not have been possible," *Smith*, 508 U.S. at 238, so too where the transfer of a firearm is itself an overt act in furtherance of the conspiracy. *Phan*, 121 F.3d at 153. In either instance, the nexus between the gun and the underlying offense could not be closer. *Id*.

## *CONCLUSION*

Given the current paucity of evidence in support of the district court's finding that Garnett used the machine gun in connection with "another felony offense," we cannot affirm imposition of the section 2K2.1(b)(5) enhancement. Therefore, we remand to the district court

for additional fact-finding and, if necessary, resentencing on the issue of section 2K2.1(b)(5). *See United States* v. *Singh*, 54 F.3d 1182 (4th Cir. 1995) (remanding for additional fact-finding where district court's findings did not support its enhancement).

*VACATED AND REMANDED*