UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                          No. 01-4622

ANTONIO SALAZAR MENDEZ,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-01-72)

Submitted: February 26, 2002

Decided: March 19, 2002

Before WIDENER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Antonio Salazar-Mendez pled guilty to possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (1994) and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (1994). For the first time on appeal, he challenges his sentence, contending the district court erred in applying a four-level enhancement to his offense level pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000) for using or possessing a firearm in connection with another felony offense. Finding no plain error, we affirm.

Because Mendez did not object to the application of the enhancement during sentencing, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993). We find the Government provided sufficient evidence that the firearm transactions facilitated or potentially facilitated the drug transaction. *See United States v. Garnett*, 243 F.3d 824, 829 (4th Cir. 2001). Therefore, the district court did not commit plain error.

Accordingly, we affirm Mendez' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED