UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MICHAEL L. SHORT,
        *Defendant-Appellant.*

No. 02-4235

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-01-39)

Submitted: November 26, 2002

Decided: January 31, 2003

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Christopher B. Parkerson, DAVID CROMWELL JOHNSON & ASSOCIATES, Birmingham, Alabama, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael L. Short appeals his convictions for conspiracy to distribute and possession with intent to distribute oxycodone, use of a firearm during a drug trafficking offense, and unlawful use of a controlled substance while being in possession of a firearm, all in violation of 18 U.S.C. §§ 922(g)(3), 924(c)(1) (2000); 21 U.S.C. §§ 841(a), 846 (2000).

Short first claims that his receipt of firearms as payment for oxycodone does not amount to "use" of a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A), and that the district court consequently erred in denying his motion for judgment of acquittal. Section 924(c) proscribes this form of bartering. *See Bailey v. United States*, 516 U.S. 137, 143 (1995); *cf. United States v. Garnett*, 243 F.3d 824, 828-29 (4th Cir. 2001) (holding that "trading a firearm for drugs" amounts to "use" of a firearm within the meaning of the Sentencing Guidelines). Accordingly, we conclude that a judgment of acquittal was unwarranted in regard to this issue.

Short next claims that the district court erred by admitting hearsay testimony pursuant to Fed. R. Evid. 801(d)(2)(E). Prior to admitting the statement of a co-conspirator, the district court must establish by a preponderance that the statement is made by the defendant's co-conspirator during the course and in furtherance of a conspiracy. Fed. R. Evid. 801(d)(2)(E); *see also United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). Short asserts that the Government never established a conspiracy. We disagree. The Government need not show an explicit agreement between the parties. Rather, the appropriate analysis is whether the parties acted with the requisite agreement, linked by their mutual interests to sustain the "overall enterprise of catering to the ultimate demands of a particular drug consumption market." *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). On the record before us, we conclude the Government established the conspiracy by a preponderance of the evidence as a prerequisite to admission of the challenged evidence. Accordingly, the statements of Short's co-conspirator were admissible. This claim, likewise, merits no relief.

We affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*