Rehearing granted, June 2, 2005

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4035

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL BERNARD MURRY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-03-128)

Submitted: May 26, 2004          Decided: October 4, 2004

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Bernard Murry pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). The district court sentenced him to sixty-five months in prison. Murry appeals his sentence, challenging the district court's decision to enhance his sentence under U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2002), on the ground that he possessed a firearm in connection with another felony offense. We affirm.

Murry, a convicted felon, was a passenger in a car that police officers stopped for reckless driving. Officers found a pistol in a case under Murry's seat. In addition, Murry possessed a distributable quantity of cocaine base. Murry objected to the probation officer's recommendation for a four-level enhancement because Murry possessed a firearm in connection with another felony offense, namely possession with intent to distribute cocaine base. He contended that there was insufficient evidence that the firearm and the drug offense were related. On appeal, he challenges the district court's application of the enhancement.

Section 2K2.1(b)(5) provides for a defendant's offense level to be enhanced by four levels if he used or possessed a firearm "in connection with another felony offense." The government bears the burden of proving the necessary facts by a preponderance of the evidence, and we "review the district court's

- 2 -

findings of fact for clear error, giving due deference to the district court's application of the Guidelines to the facts." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001).

In this Circuit, "in connection with" is treated as analogous to "in relation to," as used in 18 U.S.C. § 924(c) (2000). United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). In other words, the firearm must facilitate or have the tendency to facilitate another offense. Id. at 411 (citing Garnett, 243 F.3d at 829). "'[T]he firearm must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence.'" Id. (quoting Smith v. United States, 508 U.S. 223, 238 (1993)) (modification in original). However, the government has met its burden of establishing that the firearm was used or possessed in connection with another felony if it shows that the gun was "present for protection or to embolden the actor." United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (citation omitted).

Here, Murry was traveling in a car with a distributable quantity of cocaine base on his person and a firearm he admitted was his within his reach under his seat. Under the facts of this case, we find that the district court did not clearly err in determining that the enhancement applied.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED