**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4339**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

DAVID DEWAYNE HARPER,

                                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (CR-03-58)

Submitted: May 25, 2005          Decided: July 7, 2005

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Dewayne Harper appeals his fifty month sentence, imposed after he pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g) (2000), resisting a federal law enforcement officer in violation of 18 U.S.C. § 111(a) (2000), and possession of marijuana in violation of 21 U.S.C. § 844(a) (2000). Harper does not challenge his conviction on appeal.

Harper argues the district court erred when it increased his base offense level after finding he used one of the firearms recovered from his vehicle "in connection with another felony offense." U. S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003), provides for a four-level increase if the firearm was "used or possessed . . . in connection with another felony offense." "Felony offense" is defined to mean "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG § 2K2.1, comment. (n.7).

The Government has the burden of proving the necessary facts by a preponderance of the evidence. United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). Factual findings are reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Clear error occurs when the court, upon reviewing the record as a whole, is left with the "'definite and

firm conviction that a mistake has been committed.'" United States v. Powell, 124 F.3d 655, 667 (5th Cir. 1997) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). We have reviewed the record and conclude there was sufficient evidence for the district court to find Harper used the firearm in connection with the felony offense of attempted first-degree murder. See Tenn. Code Ann. § 39-13-202(a)(2) (2002). We therefore conclude Harper's argument is without merit.

Harper's sentence, however, violated the rule announced in United States v. Booker, 125 S. Ct. 738 (2005).[1] In United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005), we held that when a sentence calculated under the Sentencing Guidelines exceeds the maximum sentence authorized by the facts found by the jury alone, the defendant could demonstrate plain error that warranted resentencing under Booker. Because it is undisputed that the district court made factual determinations beyond facts Harper admitted to that increased his sentence, Harper is entitled to resentencing. See id. Accordingly, we affirm Harper's conviction but vacate his sentence and remand for resentencing "consistent

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4. (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Harper's sentencing.

with the remedial scheme set forth in Justice Breyer's opinion for the Court in <u>Booker</u>."[2]  <u>Id</u>. at 544.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br>
<u>VACATED AND REMANDED IN PART</u>

---

[2]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range . . . and reasonable." <u>Id.</u> at 546-47.