**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4949**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN PERSON,

Defendant - Appellant.

———————

**No. 04-4849**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN PERSON,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
District Judge.  (CR-03-186)

———————

Submitted:  September 28, 2005     Decided:  November 2, 2005

———————

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Person was convicted by a jury of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of fifty-seven months imprisonment. Person appeals his sentence, contending that the district court erred in finding that he possessed the firearm in connection with another felony offense, U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003). He also maintains that, because the enhancement was based on judicial fact-finding, his sentence violated the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005). We affirm the district court's determination that Person possessed the firearm in connection with drug trafficking; however, we vacate the sentence and remand for resentencing consistent with Booker.

On February 13, 2003, shortly after midnight, Person was stopped by a police officer for improperly displaying his vehicle license plate in the back window. Person was alone in the vehicle. He gave the officer his driver's license, but hesitated before producing the vehicle registration. On the officer's second request, Person opened the glove compartment. The officer saw a pistol inside. Person told the officer the gun belonged to a friend. Person was arrested for carrying a concealed weapon and transported to the county jail. After Person was removed from the back seat of the officer's vehicle, the officer found a small bag containing four grams of cocaine under the rear seat cushion. The

officer had searched his vehicle at the beginning of his shift, and had not transported anyone but Person that day.  Person was initially charged with the state offenses of felony possession of a firearm by a felon and felony possession with intent to sell/deliver cocaine.  These charges were dismissed after Person was indicted for the instant federal offense.

At trial, Person's friend, Drew Krawiec, testified that the gun belonged to him.  Krawiec said he had placed the gun in the glove compartment of Person's car when they traded cars on February 11, 2003, so that Person could install a car stereo in his vehicle.  He said he forgot to retrieve the gun when he got his car the next day.  Under cross-examination, Krawiec said he believed that he had locked the glove compartment, as he usually did in his own car.  He said that, two days later, he remembered that he had left the gun in Person's car.  By then, Person had been arrested.  Person did not testify.

At the sentencing hearing in September 2004, the district court determined that a base offense level of 20 applied under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003).  Over Person's objection, the court added a four-level increase under § 2K2.1(b)(5) for use of the firearm in connection with another felony offense, which was possession of cocaine with intent to sell or deliver.  The final offense level was 24.  Person was in

criminal history category II, with a guideline range of 57-71 months. The court imposed a sentence of fifty-seven months.

Person first contends that the court erred in finding that he possessed the firearm in connection with drug trafficking. In this circuit, the phrase "in connection with," as used in § 2K2.1(b)(5), is treated as analogous to the phrase "in relation to," as used in 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005). See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). A firearm is used or possessed "in relation to" another offense if it, at a minimum, "facilitates the offense by providing a sense of protection or intimidation . . . ." Smith v. United States, 508 U.S. 223, 238 (1993). The firearm "must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence." Id. at 238; see also United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (quoting Smith). Person argues that the evidence showed that his possession of the firearm and the cocaine was purely coincidental.

In explaining its decision, the court observed that Person had steadily maintained that he did not use drugs. The court therefore concluded that the four grams of cocaine, while not a large amount, was intended for distribution. Person does not challenge this finding. The court next noted that Krawiec testified that he had locked the glove compartment when he placed his gun in it, but that the glove compartment was not locked when

- 5 -

Person opened it during the traffic stop, and that the gun was visible as soon as the glove compartment was opened. The implication was that Person had discovered the gun at some point before he set out with the four grams of cocaine and chose to have the gun with him while he was engaged in cocaine trafficking. This factual finding was not clearly erroneous. Given this finding, the court did not err in concluding that Person possessed the firearm to facilitate the drug transaction.

At the beginning of the hearing, Person also objected to the enhancement on the ground that it was impermissible under Blakely v. Washington, 542 U.S. 296 (2004). The district court declined to address the effect of Blakely, but noted that Person had preserved the issue for appeal. Since then, in United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applied to the federal sentencing guidelines. We have identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756.

Person's objection to the enhancement pursuant to Blakely at sentencing preserved the Sixth Amendment issue for appeal; our

review is thus de novo. The four-level increase under § 2K2.1(b)(5) based on the district court's determination that Person possessed the firearm in connection with another felony offense was a violation of the Sixth Amendment under <u>Booker</u>. Without the enhancement, Person's offense level would have been 20. He was in criminal history category II, which would have given him a guideline range of 37-46 months. Person's fifty-seven-month sentence thus exceeded the maximum he could have received based on facts found by the jury. The court did not indicate what sentence it would impose under an advisory guideline scheme. Therefore, we conclude that resentencing is required under <u>Booker</u>.

Accordingly, we affirm the district court's calculation of the guideline range. We vacate the sentence and remand for resentencing consistent with <u>Booker</u>. On remand, the court should consider the guideline range, the other relevant factors set out in the guidelines, and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) before imposing sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

- 7 -