**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4785**

———————

UNITED STATES OF AMERICA,

                                                    Plaintiff - Appellee,

          versus

KYLE ODELL MOORE,

                                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, District
Judge. (CR-04-453)

———————

Submitted: April 26, 2006          Decided: September 11, 2006

———————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
A.F.P.D., Greensboro, North Carolina, for Appellant. Anna Mills
Wagoner, United States Attorney, L. Patrick Auld, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kyle Odell Moore pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of forty-five months' imprisonment. Moore contends on appeal that the district court clearly erred in finding that he possessed the firearm in connection with another felony offense, U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2004). We affirm.

After state authorities received information on May 13, 2004, that Moore would be transporting cocaine from Rockingham County, North Carolina, to the beach that day, Moore was stopped while driving his girlfriend's car. (His license had been suspended) Moore informed the deputy sheriff that there was a firearm in the car and that he had a small amount of cocaine on his person and more cocaine in his house. A revolver was recovered from the dashboard of the car; the cocaine was in Moore's pocket. Moore was also in possession of about $1500 in cash. On May 18, 2004, Moore was arrested for possessing a firearm after being convicted of a felony. He admitted, after receiving his Miranda[*] warnings, that the gun belonged to him, that he had possessed it for a while, and that he had sold two or three kilograms of cocaine in the past year for about $20,000. Moore first moved to suppress the firearm and all other evidence obtained as a result of the

[*]Miranda v. Arizona, 384 U.S. 436 (1966).

traffic stop, but entered a guilty plea after his motion was denied.

The probation officer recommended a base offense level of 20, USSG § 2K2.1(a)(4)(A), and a four-level enhancement under § 2K2.1(b)(5) because Moore possessed the gun in connection with another felony offense. With a three-level adjustment for acceptance of responsibility, USSG § 3E1.1, the final recommended offense level was 21. Moore had three criminal history points, which placed him in category II. The recommended advisory guideline range was 41-51 months. Moore objected to the four-level enhancement for possession of the gun in connection with another felony, arguing that there was "no functional nexus between the firearm and the drugs."

In his sentencing memorandum, Moore asserted that, although he had previously told the deputy who stopped him that the firearm was his, it actually belonged to his girlfriend, Sheri McCollum, who owned the car he was driving when he was arrested and who had acquired the gun as protection against her abusive estranged husband. Moore said that, when he was stopped, he removed the gun from the glove compartment and put it on the dashboard of the car because he thought the firearm "would likely be discovered when he reached into the glove compartment to retrieve the vehicle registration, and believed that he would face greater legal difficulty if he were charged with carrying a

concealed weapon, than if he admitted to being in possession of a firearm after being convicted of a felony." (JA-II at 302-03). Moore argued that the enhancement for possessing the firearm in connection with another felony did not apply because his possession of the gun while he was also in possession of drugs was merely fortuitous and accidental. See United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (holding that § 2K2.1(b)(5) enhancement applies if firearm "facilitates" other offense; its presence may not be mere accident or coincidence).

At the first sentencing hearing in June 2005, McCollum testified that the gun in the car was one she had recently borrowed from a friend because she was afraid of her husband, from whom she was separated, that Moore did not usually drive her car, and that she had not told him about the gun. Under cross-examination, McCollum said she kept the gun in her bedroom or in the console of her car, loaded with two bullets. She said she did not keep it in the glove compartment. Finally, McCollum said that, before she acquired the gun, she talked to Shane Bullins, a sheriff she had known for a good while, about whether she could legally possess a gun that was not registered to her, and that he told her that she could, as long as she did not carry it concealed on her person. The government then produced evidence that the gun had been fully loaded; Moore did not dispute this evidence.

At the second sentencing hearing on June 21, 2005, Rockingham County Deputy Sheriff Shane Bullins testified that he first encountered Sheri McCollum in October 2004 when he was called to her relative's house to investigate a break-in almost five months after Moore's arrest. Bullins said he spoke to McCollum three times after that, twice in his professional capacity and once when he saw her at a convenience store. He recalled that, on one of those occasions, McCollum asked him whether she would be in trouble if she had a gun in her vehicle.

The district court determined that the weight of the evidence, including the statement Moore made at his arrest, indicated that Moore possessed the firearm in connection with his drug offenses and that the gun facilitated his drug activity because it would enable him to protect himself, his money, and his drugs if necessary. The court considered the advisory guideline range and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence of forty-five months' imprisonment.

On appeal, Moore argues that the district court erred in applying the four-level enhancement under § 2K2.1(b)(5) because the firearm was present in the car by mere accident or coincidence, and had no connection to his drug offense. We review the court's factual determination for clear error. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). The only evidence that

supports Moore's position is McCollum's testimony.  The district court impliedly found McCollum's testimony less credible than Moore's admission at arrest that the gun belonged to him.  Generally, witness credibility is within the sole province of the fact finder, and this court will not reassess the district court's credibility determinations.  <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).  We conclude that the district court did not clearly err in finding that Moore possessed the firearm in connection with his drug offenses, and in making the four-level enhancement under § 2K2.1(b)(5).  We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>