**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4599**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN DANA BOKMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:05-cr-00021-jlk)

Submitted:  December 6, 2006       Decided:  January 26, 2007

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Dana Bokman appeals his convictions and sentence for possession with intent to distribute hydrocodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (2000) (Counts 1, 4, and 9), possession with intent to distribute alprazolam, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (2000) (Count 5), sale or disposal of a firearm to a convicted felon, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) (2000) (Counts 3, 8, and 11), and possession or transfer of an unregistered machine gun, in violation of 18 U.S.C. § 922(o) (2000) (Count 7). We affirm.

Bokman's first contention is that the district court erred in denying his motion for judgment of acquittal as to Counts 3, 8, and 11. He asserts the government failed to prove he had actual knowledge that the purchaser had been convicted of a "crime punishable by imprisonment for a term exceeding one year," as required under § 922(d)(1). Rather, the informant who purchased the guns stated only that he was a "felon." Bokman notes that pursuant to 18 U.S.C. § 921(a)(20) (2000), certain crimes that may otherwise qualify as felonies do not fall under the realm of "crimes[s] punishable by imprisonment for a term exceeding one year," such as unfair trade practices or antitrust violations.

We review the district court's denial of a motion for judgment of acquittal de novo. United States v. United Med. and Surgical Supply Corp., 989 F.2d 1390, 1401 (4th Cir. 1993). The

standard of review for a denial of a motion for judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982).

Even if Bokman did not "know" that the informant had been convicted of a "crime punishable by imprisonment for a term exceeding one year" based on the informant's statement that he was a felon, § 922(d)(1) requires only that a defendant know or "hav[e] reasonable cause to believe" that the buyer has been convicted of such a crime. The statements made by the informant during the firearm transactions fully support the jury's finding that Bokman had at least reasonable cause to believe that the informant had been convicted of a crime punishable by more than one year.

Bokman next argues that the district court erred in enhancing his offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005). Bokman claims that he did not "possess" a firearm in connection with the drug deals because the guns did not facilitate the narcotics transactions. Bokman contends that the mere fact that the transactions were simultaneous does not mean that the weapons were possessed in connection with the distribution of the drugs, and that the jury's acquittal on all 18 U.S.C. § 924(c) (2000) charges supports his position.

On appeal of the sentencing judge's application of the guidelines, we review factual determinations under a "clearly erroneous" standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). However, if the issue turns primarily on the legal interpretation of a guideline term, the standard "moves closer" to de novo review. Id.

Pursuant to USSG § 2D1.1, for an offense involving drugs, a defendant's base offense level is increased by two levels if a dangerous weapon was possessed. This adjustment "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 comment. (n.3).

The term "in connection with" is synonymous with "in relation to", as that term is used in 18 U.S.C. § 924(c) (2000). United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003), citing United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). To meet the "in relation to" requirement, the Government must prove that the firearm has "some purpose or effect with respect to the drug trafficking crime . . . the gun at least must facilitate or have the potential of facilitating the drug trafficking offense." United States v. Lipford, 203 F.3d 259, 266-67 (4th Cir. 2000) (internal citations and quotations omitted). We have recognized that in narcotics transactions, a drug purchaser often must persuade a dealer to sell him drugs through an offer to buy other

- 4 -

illegal goods, such as firearms. <u>Id.</u> at 267. When guns and drugs are sold together as part of a singular transaction, the firearms facilitate the drug transaction by making it possible for the buyer to convince the seller to take the risks inherent in selling contraband. <u>Id.</u>

We also find unavailing Bokman's argument that his acquittal on the firearms charges precluded the court from considering his sales of firearms for sentencing purposes. Even after <u>United States v. Booker</u>, 543 U.S. 220 (2005), district courts may continue to consider acquitted conduct in determining the appropriate guideline range. <u>United States v. Williams</u>, 399 F.3d 450, 454 (2d Cir. 2005). In this case, there was sufficient evidence of three distinct transactions involving both firearms and illegal narcotics. Therefore, the district court properly enhanced Bokman's sentence, pursuant to § 2D1.1(b)(1), for possession of a dangerous weapon during an illegal narcotics transaction.

Accordingly, we affirm Bokman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 5 -