**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4490**
_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

MATTHEW ALWAN SHELTON,

             Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:07-cr-00335-BO-1)

_____

Submitted:  January 29, 2009          Decided:  March 16, 2009

_____

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Alwan Shelton pled guilty to manufacturing counterfeit currency, 18 U.S.C. § 471 (2006) (Count 1); possession of counterfeit currency, 18 U.S.C. § 472 (2006) (Count 2); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count 3), and was sentenced to a term of fifty-seven months imprisonment. Shelton appeals his sentence, contending that the district court erred in making a 4-level increase for use of the firearm in connection with another felony, U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2007). We affirm.

Shelton was arrested in September 2007 after a stolen car was traced to him. He consented to a search of the motel room where he and his girlfriend were staying. The search yielded two loaded handguns, a digital scale, thirteen grams of marijuana, plastic baggies, and one dose of Ecstasy. In the stolen vehicle, police found another digital scale, marijuana residue, and a counterfeit $100 bill. At Shelton's former residence, police found a printer/copier/scanner and evidence of the counterfeiting of $100 bills. Shelton admitted that he owned one of the guns and that the other belonged to a friend. Shelton said he bought the gun for protection in July 2007, the same month he began manufacturing counterfeit currency. He said he and a friend known as Banga manufactured about $100,000 worth

2

of counterfeit currency in two months, and gave over $15,000 in counterfeit currency to William Jefferson. A week earlier, Jefferson had been arrested after he tried to sell $10,000 in counterfeit currency to an undercover agent for five ounces of cocaine. Shelton said the drugs in his possession were for personal use only, but that he had been planning to use counterfeit money to buy Ecstasy.

The enhancement applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." Application Note 14(A) to § 2K2.1 states that subsection (b)(6) applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense . . . ."[*] Although the "in connection with" requirement is not satisfied when the firearm is present merely by accident or coincidence, United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003), facilitation is shown if the gun "was present for protection or to embolden the actor." United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (interpreting § 924(c)). In the presentence report, the probation officer recommended an

---

[*] Application Note 14(B) further provides that, "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,]" application of subsection (b)(6) "is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ." (emphasis added).

3

enhancement under subsection (b)(6) for possession of a firearm "in furtherance of the counterfeiting offense and in connection with the felonious possession of ecstasy." Shelton argued unsuccessfully at sentencing that the government had not shown any connection between the gun and his counterfeiting and that the presence of the Ecstasy pill in his backpack with the gun was coincidental because he had all his belongings in the backpack.

The district court's determination that a defendant possessed a firearm in connection with another felony offense is a factual question, United States v. Garnett, 243 F.3d 824, 829 (4th Cir. 2001), and is thus reviewed for clear error. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). In light of Shelton's admission that he bought a gun for protection around the time he began counterfeiting, and that he intended to buy Ecstasy with counterfeit money, we are satisfied that the court did not clearly err. As the district court noted, buying drugs with counterfeit money is an inherently dangerous activity. Possession of a firearm had the potential to embolden Shelton and thus facilitated both his counterfeiting activity and his possession of drugs.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED