**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4772**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ROBERT LOUIS WILLIAMS,

                Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:99-cr-00100-1)

Submitted:  November 30, 2010        Decided:  December 6, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Steven R. Ruby, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Louis Williams appeals the eighteen-month sentence imposed upon revocation of his supervised release. He contends that the district court erred in finding that he acted in a threatening manner toward the director of the halfway house in which he was required to reside as a condition of his supervised release and was therefore dismissed from the halfway house. We discern no clear error in this finding and also conclude that this finding did not affect the revocation determination or the sentence imposed upon revocation, and therefore affirm.

Williams admitted to the alleged violations for using marijuana and Percocet, and failing to attend scheduled counseling. He denied the allegation that he was dismissed from the halfway house for acting in a threatening manner. The district court heard evidence from the director of the halfway house that, during a random search of the men's dormitory, the director stopped and pat-searched Williams. He had approximately $200 in cash, a number of bus tokens, receipts and other items in his pockets. The director had Williams place the contents of his pockets onto a mattress in front of him. Williams was upset and agitated, but the director testified that this was Williams' normal demeanor toward her. The director testified that Williams then positioned himself between the two

2

bunks, blocking the director's exit. She had to twice order him to step back and allow her to move. He continued to be disrespectful toward her, seemingly intent on instigating the other residents. The director testified that she did not feel safe.

Williams testified that he did not threaten the director, but that he thought she had taken some of his possessions and placed them in her own pocket. He testified that he used his normal voice and demeanor, which, because of his size, could be intimidating, but that he would never threaten a woman.

After hearing the evidence, the district court found that Williams was discharged from the halfway house for "acting in a threatening manner" toward the director. This factual finding is not clearly erroneous. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (reviewing factual findings during supervised release proceedings for clear error).

Moreover, we conclude that this factual finding did not affect the district court's decision to revoke Williams' supervised release, nor did it affect the term of imprisonment imposed. Revocation was mandatory based on Williams' admitted drug related violations. The advisory guideline range based on those violations was twenty-one to twenty-seven months. After discussion with Williams concerning his adjustment on supervised

release and considering Williams' history and need for treatment, the district court sentenced him to eighteen months' imprisonment to be followed by forty and one-half months of supervised release. In light of the downward variance imposed by the district court, we conclude that the finding that Williams acted in a threatening manner toward the director of the halfway house did not affect his sentence. Accordingly, we affirm Williams' sentence imposed upon revocation of his supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED