**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4791**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JEREMY ALONZO MCNEAIR,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:12-cr-00052-WO-1)

Submitted: April 29, 2013          Decided: June 6, 2013

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Alonzo McNeair pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He received a within-Guidelines sentence of seventy-two months' imprisonment. On appeal, his sole claim is that the sentencing court erred in imposing a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2011) for using or possessing a firearm in connection with a felony offense. We affirm.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The Guidelines require the addition of four offense levels if a defendant used or possessed a firearm "in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The government must prove by a preponderance of the evidence that McNeair possessed or used a gun and that the possession or use was in connection with another felony offense. United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). The "in connection with" requirement is explained as "facilitat[ing], or ha[ving] the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(a); see also United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). It does not include situations where the presence of a firearm is simply accidental or coincidental. United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000).

2

We review the district court's findings of fact for clear error, giving due deference to the district court's application of the Guidelines to the facts. Garnett, 243 F.3d at 828. In assessing a district court's application of the Guidelines, we review legal conclusions de novo. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

Having reviewed the record and the parties' arguments on appeal with these standards in mind, we conclude that the district court did not err in imposing the four-level enhancement. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED