Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4123

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN RAISHAUN HOOKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-306)

Submitted:  June 24, 2004          Decided:  June 30, 2004

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Raishaun Hooker appeals from his conviction following a guilty plea to being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Hooker was sentenced to ninety-two months' imprisonment, to be followed by a three-year term of supervised release. The sole issue on appeal is whether the district court clearly erred in applying the four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003).

Section 2K2.1(b)(5) provides for a defendant's offense level to be enhanced by four levels if he used or possessed a firearm "in connection with another felony offense." The Government bears the burden of proving the necessary facts by a preponderance of the evidence and this court "review[s] the district court's findings of fact for clear error, giving due deference to the district court's application of the Guidelines to the facts." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001).

In this Circuit, "in connection with" is treated as analogous to "in relation to," as used in 18 U.S.C. § 924(c) (2000). United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). In other words, the firearm must facilitate or have the tendency to facilitate another offense. Id. at 411 (citing Garnett, 243 F.3d at 829). "'[T]he firearm must have some purpose

- 2 -

or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence.'" Id. (quoting Smith v. United States, 508 U.S. 223, 238 (1993)) (modification in original). The government meets its burden if it shows that the gun was "present for protection or to embolden the actor." United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (citation omitted).

The district court concluded that based on Hooker's possession of large amounts of cash, the presence of nearly a pound of marijuana in his residence and his criminal history involving marijuana, Hooker was distributing marijuana, a felony offense. See 21 U.S.C. § 841(a), 841(b)(1)(D) (2000). The court found that Hooker's possession of a loaded gun and its proximity to the large amount of cash indicated that Hooker's use of the gun was in connection with the distribution of the marijuana. On these facts, we cannot say that the district court clearly erred in concluding that Hooker possessed the gun to facilitate the drug offense. Therefore, the court's decision to apply the enhancement was not clearly erroneous.

We affirm Hooker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED