**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4123

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN RAISHAUN HOOKER,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7780)

Submitted: October 5, 2005            Decided:  December 7, 2005

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On June 30, 2004, this court affirmed Kevin Raishaun Hooker's conviction and sentence. See United States v. Hooker, No. 04-4123, 2004 WL 1465671 (4th Cir. June 30, 2004) (unpublished). On January 24, 2005, the Supreme Court granted Hooker's petition for writ of certiorari, vacated this court's judgment and remanded to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Having reconsidered Hooker's sentence in light of Booker and its progeny, we find no reversible error. Accordingly, we affirm.

Kevin Raishaun Hooker pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Hooker was assigned a base offense level of twenty-four.[1] See U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003). The district court determined that Hooker possessed the firearm in connection with another felony offense and increased his base offense level by four. See USSG § 2K2.1(b)(5). The district court then applied a three-level adjustment for acceptance of responsibility, thereby giving Hooker an adjusted offense level of twenty-five. Hooker was assessed eight criminal history points, which included a two-point increase under § 4A1.1(d) because he committed the offense while on state

---

[1]Hooker does not contend that his base offense level of twenty-four was erroneously calculated.

- 2 -

probation and a one-point increase under § 4A1.1(e) because he committed the offense less than two years after release from imprisonment on a sentence counted under § 4A1.1(a) or (b), thereby placing him in criminal history category IV. Therefore, Hooker's guideline range was 84 to 105 months.

At sentencing, Hooker objected to the four-point increase under § 2K2.1(b)(5). He argued that his possession of the firearm was not "in connection with" another felony offense. Hooker maintained that while an individual who lived at his residence was involved in the possession and/or distribution of marijuana, he was not a party to the illegal activities. The district court disagreed with Hooker's argument, found that it was "more likely true than not[] that Mr. Hooker was possessing marijuana for the purpose of distributing or maintaining a dwelling for that purpose[,]" and sentenced him to a term of imprisonment for ninety-two months.

On appeal, Hooker argues that the district court "violated [his] Sixth Amendment rights by applying [the] four-level enhancement under USSG § 2K2.1(b)(5) . . . when the factual predicate for that enhancement was neither admitted by [him], nor found beyond a reasonable doubt by a jury."[2]

---

[2]The Government contends we should vacate and remand Hooker's sentence because the district court sentenced him under a mandatory guideline scheme. As this issue was not raised by Hooker, it is arguably waived. In any event, we find no plain error in this respect. See United States v. White, 405 F.3d 208, 223-24 (4th

As Hooker raises this issue for the first time on appeal, review is for plain error.  See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).  To establish that a Sixth Amendment error occurred during sentencing, a defendant must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted.  Id.

Though Hooker admitted that he was a felon in possession of a firearm, he has never admitted that he possessed the firearm in connection with another felony offense.  Instead, the district court concluded, after hearing evidence on the issue, that "it's more likely true than not" that Hooker in fact possessed the firearm in connection with another felony offense.  Without this enhancement, Hooker's base offense level would have been twenty-four rather than twenty-eight.  Based on a base offense level of twenty-four and a criminal history category of IV, Hooker's guideline range would have been 77 to 96 months' imprisonment.  See USSG Ch. 5, Pt. A (2003) (sentencing table).  Because Hooker's sentence of ninety-two months does not exceed the maximum authorized by the facts to which he admitted, no Sixth Amendment error occurred.  See Evans, 416 F.3d at 300-01.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal

---

Cir. 2005).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED