**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-4368**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARQUETTE DAMON EANES,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:04-cr-00084-ALL)

───────────

Submitted: October 31, 2006          Decided: December 7, 2006

───────────

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquette Damon Eanes appeals his seventy-seven month sentence, imposed after remand, for possession of a firearm by a convicted felon. Eanes argues that the district court erred in applying a four-level sentencing enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002) for possession of the firearm during the commission of another felony offense and that his resulting sentence was unreasonable. Finding no error, we affirm.

Section 2K2.1(b)(5) provides for a four-level enhancement if:

> the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

Eanes argues that the Government did not prove that his possession of .44 grams of crack cocaine seized at the time of arrest was with intent to distribute the crack cocaine. Eanes contends that the large amount of cash was insufficient to show intent to distribute, that the small amount of crack cocaine was consistent with personal use, and that his prior convictions do not indicate an intent to distribute.

We review the district court's factual findings concerning the sentence for clear error, and we review its legal determinations de novo. United States v. Daughtrey, 874 F.2d 213,

217 (4th Cir. 1989). A determination that there were sufficient facts to impose a § 2K2.1(b)(5) enhancement is a factual finding. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (government has burden of proving facts to support § 2K2.1(b)(5) enhancement by preponderance of the evidence and district court's fact finding is reviewed for clear error).

Intent to distribute may be proved by a number of factors, including the amount of cash seized, the possession of drug paraphernalia, and the seizure of a quantity of drugs too large for personal consumption. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990) ("Intent to distribute may be inferred from possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use."). Possession of large amounts of cash and a handgun are circumstantial evidence of involvement in drug distribution. Id. We conclude that there was sufficient evidence to prove by a preponderance of the evidence that Eanes possessed the cocaine base with the intent to distribute it. Eanes had at least one prior conviction with very similar circumstances for possession with intent to distribute crack cocaine; he possessed on his person over $1100 in cash; a loaded firearm and an abundance of ammunition were found in the car; and the crack cocaine was packaged in three

separate bags.* Although the small amount of crack cocaine involved, .44 grams, could also be consistent with personal use, we hold that it was not clear error for the district court to find that Eanes possessed the cocaine base with intent to distribute it.

Next, Eanes argues that his sentence is unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Specifically, Eanes contends that the sentence is unreasonable because it is greater than necessary to "afford adequate deterrence to criminal conduct." 18 U.S.C.A. § 3553(a)(2). Eanes states that, since his conviction, he has become involved in the life of his new daughter, his mother died and he promised her that he would "make a change and have a positive impact in [his] community," and he has completed several study programs while incarcerated.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court

---

*Given that the district court found the officer's testimony to be credible that the crack cocaine rocks were packaged in three separate bags, this finding cannot be disturbed. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (generally, witness credibility is within the sole province of the fact finder, and this court will not reassess the credibility of testimony).

- 4 -

then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a), and determine an appropriate sentence. <u>Davenport</u>, 445 F.3d at 370. "The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range." <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir. 2006). A sentence within the properly calculated guideline range is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Because the district court sentenced Eanes within the guideline range, adequately explained the basis for its sentencing decision, and took into consideration Eanes's arguments, we conclude that the resulting 77-month sentence was reasonable. <u>See United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); <u>Green</u>, 436 F.3d at 457. Accordingly, we affirm Eanes's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>