UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4809

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY LASHAWN MOFFITT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00066-FDW)

Submitted: January 24, 2008          Decided: March 28, 2008

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Peter Adolf, Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Lashawn Moffitt appeals the 102-month sentence imposed after he pled guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). In the presentence report (PSR), the probation officer recommended a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(4) (2006) because the firearm was stolen, and a four-level enhancement pursuant to USSG § 2K2.1(b)(6) because the firearm was used in connection with another felony offense. After a three-level reduction for acceptance of responsibility, Moffitt's total offense level was twenty-seven, and his prior criminal conduct placed him in criminal history category IV. The resulting sentencing range was 100 to 120 months.

Moffitt filed several objections to the PSR. Among other arguments, he contested the enhancement for use of the firearm in connection with another felony. He argued that the assault that originated police involvement in his case was not a felony but a simple assault under North Carolina law, and he did not possess the firearm in connection with the assault because he did not exhibit the firearm until after the assault had ended. At sentencing, the district court concluded that Moffitt's conduct at his girlfriend's house prior to his arrest satisfied the elements of 18 U.S.C.

§ 113(a)(3) (2000), which prohibits, as a felony offense, assault with a deadly weapon in the special maritime and territorial jurisdiction.* The district court also found that the firearm was used in connection with Moffitt's assault on his girlfriend, overruled his objection, and sentenced him to 102 months of imprisonment.

On appeal, among other arguments, Moffitt asserts that the district court erred in enhancing his offense level for using the firearm in connection with another felony offense. The Government responds, urging affirmance. Because we conclude that the district court's basis for imposing this enhancement is legally insufficient, we remand for the court to consider whether the record provides any other grounds for imposing this enhancement.

This court reviews a district court's factual findings at sentencing for clear error and its legal determinations de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). A determination that there are sufficient facts to impose a § 2K2.1(b)(6) enhancement is a factual finding. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (government has burden of proving facts to support § 2K2.1(b)(5) enhancement by preponderance of the evidence and district court's fact finding is reviewed for clear error); United States v. Nale, 101 F.3d 1000,

---

*The Government does not dispute that Moffitt's conduct at his girlfriend's residence is not a felony under North Carolina law.

1004 & n.3 (4th Cir. 1996).  This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Section 2K2.1(b)(6) provides for a four-level enhancement if the defendant used or possessed any firearm or ammunition in connection with another felony offense.  This finding encompasses two requirements:  that the defendant committed "another felony" and that he possessed the firearm "in connection with" the other felony.  United States v. Blount, 337 F.3d 404, 410 (4th Cir. 2003).  "'Another felony offense', for purposes of subsection (b)(6), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, comment. (n.14(C)).  The district court may find that "a firearm is 'used in connection with' another felony offense if it facilitates or has a tendency to facilitate the felony offense." Garnett, 243 F.3d at 829 (citing Smith v. United States, 508 U.S. 223, 237 (1993)); USSG § 2K2.1, comment. (n.14(A)).

In this case, the district court applied the enhancement based on its conclusion that the other felony offense was assault with a deadly weapon in violation of 18 U.S.C. § 113(a)(3).  We

conclude that this finding is clearly erroneous. The question of whether a particular place is within the special maritime and territorial jurisdiction of the United States is an element of a § 113(a) offense. United States v. Bello, 194 F.3d 18, 22-23 (1st Cir. 1999). In this case, the parties do not dispute, and the district court recognized, that the assault committed by Moffitt on his girlfriend did not occur in an area of federal jurisdiction. We therefore conclude that, even if Moffitt's actions constituted an aggravated assault as described in § 113(a)(3), such actions do not constitute an offense that is punishable as a felony under federal law because there is no federal jurisdiction to prosecute Moffitt for those actions.

Our review of the record indicates that there may be an alternate basis for imposing the § 2K2.1(b)(6) enhancement. See United States v. Navarro, 476 F.3d 188, 190 & n.3 (3d Cir. 2007) (finding that, although Government conceded the point, appellant's simple possession combined with prior drug conviction established another felony offense under § 2K2.1(b)(5)). Because the PSR did not address this possible basis and the parties have not had an opportunity to assert any objections, we conclude that a remand to allow the district court to reconsider the enhancement is proper.

Accordingly, we remand for reconsideration of the § 2K2.1(b)(6) enhancement. We decline to address Moffitt's other arguments at this time. Upon completion of the district court's

reconsideration, the record will be returned to this court for further review.

REMANDED