**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4403**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DEVIN MAURICE WILLIAMS, a/k/a Gunshine,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (7:09-cr-00113-BO-1)

—————————

Submitted:  December 21, 2010        Decided:  January 14, 2011

—————————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Samuel J. Randall, IV, THE RANDALL LAW FIRM, P.C., Leland, North
Carolina, for Appellant.   George E. B. Holding, United States
Attorney, Jennifer P. May-Parker, Assistant United States
Attorney, Timothy Severo, Special Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Devin Maurice Williams pled guilty to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (2006), and was sentenced to a seventy month term of imprisonment. He now challenges the reasonableness of his sentence. Specifically, Williams argues that the district court erred by imposing a four-level enhancement under United States Sentencing Guidelines Manual § 2K2.1(b)(6) (2009), by failing to adequately explain the basis for the sentence, and by failing to grant his motion for a sentencing variance. For the reasons discussed below, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Next, we review the substantive reasonableness of the sentence, "'taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United

2

States v. Morace, 594 F.3d 340, 346-47 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51), petition for cert. filed, __ U.S.L.W. __ (U.S. July 16, 2010) (No. 09-4007).

First, Williams maintains the district court erroneously calculated his Guidelines sentencing range by applying a four-level enhancement under USSG § 2K2.1(b)(6). To apply the enhancement under § 2K2.1(b)(6), the Government must prove by a preponderance of the evidence facts that establish that the defendant used a firearm and that its use was in connection with another felony offense. United States v. Garnett, 243 F.3d 824, 828-29 (4th Cir. 2001). A district court's finding that sufficient facts exist to support the enhancement is reviewed for clear error. Id. Under the clear error standard of review, this court will reverse only if it is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted).

Williams does not dispute his use of a firearm, but claims the district court erred in assigning the four-level enhancement because he presented evidence sufficient to support his claim that he acted in self-defense. The record shows, however, that Williams, who was in a car at the time of the shooting, had a reasonable alternative to engaging in criminal conduct and recklessly placed himself in danger when he exited

3

his vehicle and walked towards the other vehicle. See United States v. Ricks, 573 F.3d 198, 202 (4th Cir. 2009) (listing the elements of the justification defense). Thus, Williams cannot establish the district court's rejection of his justification argument was clearly erroneous.

Next, Williams argues the district court failed to adequately explain the basis for his sentence and imposed a substantively unreasonable sentence. We have thoroughly reviewed the sentencing transcript in this case, and determine the district court's explanation, though brief, was legally sufficient. The record makes clear that the court considered the supporting evidence and was fully aware of Williams' individual situation.

Finally, Williams challenges the substantive reasonableness of his sentence and the district court's refusal to grant his motion for a downward variance in light of his self-defense argument. As discussed above, Williams was unable to establish a valid justification defense on this record; accordingly, the district court did not err by denying his motion. Furthermore, a within Guidelines sentence is presumed reasonable on appeal. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d

4

375, 379 (4th Cir. 2006) (internal quotation marks omitted). Williams cannot rebut the presumption on this record.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>