**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5323**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BYRON KEITH BROWN,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:09-cr-00303-WMN-1)

———————

Submitted:  May 25, 2012          Decided:  August 15, 2012

———————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Joyce K. McDonald, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial for multiple counts of wire fraud and money laundering, Byron Keith Brown was convicted and sentenced to a total of 180 months' imprisonment. In this appeal, Brown contends that the district court abused its discretion in denying his motions for a continuance and a new trial and erred in its application of U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(2)(A), (b)(8)(C) (2009). We affirm.

Brown's arguments with respect to his motions relate to the Government's production of electronic discovery, which included forensic images of Brown's computer. Brown asserts that he obtained access to the data only shortly before trial when he discovered that the files were not organized in any meaningful form, complicating his efforts to locate relevant documents. He compares the data he received with the Government's utilization of a virtual copy of Brown's computer, allowing the Government to navigate through the data exactly as it had appeared to the user. Brown argues that the Government could have provided him with a virtual copy and contends that its failure to do so limited his ability to prepare a defense to such a degree that the district court abused its discretion in failing to grant a continuance and, following the verdict, a new trial.

We review a district court's decision to deny a continuance and a new trial for abuse of discretion. United States v. Ibisevic, 675 F.3d 342, 349 (4th Cir. 2012) (new trial); United States v. Cole, 631 F.3d 146, 156 (4th Cir. 2011) (continuance). "The denial of a continuance contravenes a defendant's Sixth Amendment right to counsel only when there has been an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." United States v. Hedgepeth, 418 F.3d 411, 423 (4th Cir. 2005) (internal quotation marks omitted). Even if we determine that the district court abused its discretion in denying a continuance, Brown "must show that the error specifically prejudiced his case in order to prevail." Id. at 419.

We note that the emails Brown sought were available from materials provided by the Government apart from the forensic images, and that the Government made its records available for inspection and offered to print copies of the documents Brown had difficulty accessing. Given these facts, coupled with the significant delay that a continuance would have demanded as a result of defense counsel's availability, we cannot say that the district court's ruling was an abuse of discretion. See id.; see also Morris v. Slappy, 461 U.S. 1, 11 (1983) (stating that "problem[] . . . of assembling the witnesses, lawyers, and jurors at the same place at the same

3

time" necessitates granting "[t]rial judges . . . a great deal of latitude in scheduling trials"). Nor can we say, given Brown's failure to direct us to any evidence that was unavailable to him at trial, that the district court abused its discretion in denying Brown's motion for a new trial. See United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001) (recounting five-part test for evaluating motion for new trial based on newly discovered evidence).

Next, Brown challenges the district court's application of two sentencing enhancements. In reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. King, 673 F.3d 274, 281 (4th Cir. 2012). A sentencing enhancement must be supported by a preponderance of the evidence. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir.), cert. denied, 132 S. Ct. 111 (2011).

Brown argues that the district court erred in finding that there were more than ten victims and applying the relevant two-level enhancement. He contends that the Government produced only seven victims who suffered a monetary loss. The Guidelines provide for a two-level enhancement where the defendant's fraud "(i) involved 10 or more victims; or (ii) was committed through mass-marketing." USSG § 2B1.1(b)(2)(A). Because Brown conceded in the district court that his website met the mass-marketing

4

definition, see USSG § 2B1.1 n.4(A), we need not address his challenge to the number of victims involved in the offense. See United States v. Garrett, 243 F.3d 824, 830 (4th Cir. 2001) ("[W]e can affirm [a] sentence on the basis of any conduct [in the record] that independently and properly should result in an increase in the offense level by virtue of the enhancement.") (internal quotation marks omitted). We therefore conclude that the district court properly applied this enhancement.

Finally, Brown argues that the district court erred in applying a two-level enhancement, pursuant to USSG § 2B1.1(b)(8)(C),[*] for violating an administrative order because the order in question was not a final agency adjudication. Because Brown failed to raise this argument in the district court, we review it for plain error. United States v. Massenburg, 564 F.3d 337, 342 n.2 (4th Cir. 2009) ("[A]n objection on one ground does not preserve objections on different grounds."). Accordingly, Brown "must show that an error was made, is plain, and affected his substantial rights." United States v. Slade, 631 F.3d 185, 190 (4th Cir.), cert. denied, 131 S. Ct. 2943 (2011). For purposes of plain error

---

[*] This provision appears as § 2B1.1(b)(9)(C) in the 2011 edition of the Guidelines.

review, "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" United States v. Olano, 507 U.S. 725, 734 (1993).

On this record, Brown is unable to show that the district court plainly erred in applying the enhancement. Brown asserts that he appeared for a hearing and that the agency took no further action. The Government responds that the administrative record shows that Brown violated the order and that he committed perjury. However, because the agency's cease and desist order is the sole evidence in the record concerning the administrative proceedings, it is neither clear nor obvious that the district court erred in applying the enhancement. See United States v. Goldberg, 538 F.3d 280, 291 (3d Cir. 2008) (stating general rule that appellate courts will "impose the enhancement after a meaningful negotiation or interaction led the agency to issue a directive that the defendant subsequently violated"). Irrespective of the order's finality, Brown asserts that he complied with the order by moving his business from Washington, D.C., to Wilmington, Delaware. The record shows, however, that Brown continued to conduct business in Washington. Brown therefore is entitled to no relief on this claim.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED