**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur Tracy VICK, Defendant–**
**Appellant.**

**No. 12–4646.**

United States Court of Appeals,
Fourth Circuit.

Submitted: May 30, 2013.

Decided: June 20, 2013.

Harold M. Vaught, Norwalk, California, for Appellant. Jennifer P. May–Parker,

Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Tracy Vick pled guilty, pursuant to a written plea agreement, to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (2006). On appeal, counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no meritorious issues for appeal but questioning the procedural reasonableness of Vick's sentence. Vick has filed a pro se supplemental brief alleging that the district court erred when it applied a sentencing enhancement. Finding no error, we affirm.*

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51, 128 S.Ct. 586. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the

selected sentence. *Id.* at 49–51, 128 S.Ct. 586.

■ First, Vick challenges the district court's application of a sentencing enhancement for possession of a firearm. "The [G]overnment bears the burden of proving the facts necessary to establish the applicability of [a sentencing] enhancement by the preponderance of the evidence." *United States v. Garnett,* 243 F.3d 824, 828 (4th Cir.2001). We "review factual findings for clear error, and legal conclusions de novo." *United States v. Davis,* 679 F.3d 177, 182 (4th Cir.2012). Clear error occurs when the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey,* 532 F.3d 326, 336 (4th Cir.2008) (internal quotation marks omitted).

Vick contends that the district court erred because there was no evidence that he knew a firearm was present during the planned robbery. In the event that a defendant is charged with jointly undertaken criminal activity, such as a conspiracy, *United States Sentencing Guidelines* (U.S.S.G.) § 1B1.3(a)(1)(B) (2011) directs the district court to apply offense characteristics on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Upon review of the record, we conclude that it was reasonably foreseeable to Vick that a firearm would be used to carry out the robbery and therefore the district court did not err.

Vick also argues that the district court's factual determination that use of a firearm during the robbery was reasonably foreseeable when the substantive possession of a firearm charge had been dismissed, vio-

* We deny Vick's motion to place this appeal in abeyance pending the Supreme Court's decision in No. 11–9335, *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314.

lated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We conclude that this contention is without merit because the district court's fact finding did not expose Vick to a sentence greater than the statutory maximum.

■ Next, Vick contends that the district court erred when it refused to apply a sentencing adjustment reflecting his minor role in the offense. Whether the court should decrease the defendant's offense level for a mitigating role in the offense is governed by U.S.S.G. § 3B1.2. The adjustment applies to a defendant who is "substantially less culpable than the average participant," "but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), cmt. n. 3(A) & n. 5. While the determination whether the defendant played a minor role hinges in part on a comparison of his conduct with that of his co-defendants, the "critical inquiry is . . . not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Pratt,* 239 F.3d 640, 646 (4th Cir.2001) (noting that court must measure the defendant's individual acts and relative culpability against the elements of the offense) (citations omitted). The defendant has the burden of showing by a preponderance of the evidence that he played a minor role in the offense. *United States v. Akinkoye,* 185 F.3d 192, 202 (4th Cir.1999). Upon review of the record, we conclude that the district court did not err.

■ Lastly, Vick argues that the district court should not have granted the Government's motion for an upward departure on the basis that his criminal history category understated his actual criminal history. A district court may depart upward from the applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1), p.s.; *see United States v. Whorley,* 550 F.3d 326, 341 (4th Cir.2008) (noting that an under-representative criminal history category is an encouraged basis for departure). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation, prior sentences of "substantially more than one year" for independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of the offense, or prior, similar conduct that did not result in a conviction. U.S.S.G. § 4A1.3(a)(2), p.s. We conclude that the district court had sufficient grounds to warrant the upward departure.

In accordance with *Anders,* we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Vick, in writing, of the right to petition the Supreme Court of the United States for further review. If Vick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vick.

Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

*AFFIRMED.*