**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4435**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MICHAEL BRIAN POTEAT,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge. (1:14-cr-00449-WO-1)

───────────

Submitted: January 21, 2016      Decided: February 1, 2016

───────────

Before GREGORY and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Brian Poteat appeals from his 92-month sentence entered pursuant to his guilty plea to drug and firearm charges. On appeal, he challenges the district court's enhancement of his Guidelines range under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2014), for possession of a firearm in connection with another felony offense (distribution of marijuana). We affirm.

To apply the § 2K2.1(b)(6) enhancement, the Government must prove, by a preponderance of the evidence, that the defendant possessed or used a gun and that the possession or use was in connection with another felony offense. United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). The "in connection with" requirement is explained as "facilitat[ing], or ha[ving] the potential of facilitating, another felony offense." USSG § 2K2.1(b)(6) cmt. n.14(A). It does not include situations where the presence of a firearm is simply accidental or coincidental. United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (analyzing 18 U.S.C. § 924(c) (2012)).

In Lipford, we explained that a drug sale can be facilitated by a related weapons sale. Id. at 267. In order to encourage a "drug seller to take the risks inherent in selling contraband," a drug purchaser "can often 'sweeten the pot,' offering to purchase not only drugs, but other illegal goods as

2

well . . . [w]here that other illegal good is a firearm, [its] involvement in the drug transaction is not 'spontaneous' or 'co-incidental;' . . . [it] facilitates the drug transaction." Id.

Here, Poteat sold marijuana and a shotgun to an informant in one transaction. Poteat contends that, because the informant in his case purchased marijuana from him on two earlier occasions, there was no need to "sweeten the pot." Instead, according to Poteat, the informant requested the firearm in order to ensnare Poteat into selling both at the same time.

However, the evidence showed that, during a single transaction, Poteat sold marijuana and a firearm to an undercover informant. In addition, both the marijuana and the loaded firearm were in the car at the same time on the way to the transaction. Moreover, the presence of the firearm at the drug deal was not accidental or coincidental; instead, it was a planned exchange. We find that this evidence adequately linked the charged firearm to the drug felony and that the district court did not err in applying the enhancement. See 18 U.S.C. § 3742(e) (2012) (setting forth appellate standards of review for Guidelines issues).

Accordingly, we affirm Poteat's sentence. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED