**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4235**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY JUAN PETTIFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:16-cr-00244-WO-1)

Submitted: October 17, 2017                     Decided: October 19, 2017

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Juan Pettiford appeals from his 72-month sentence imposed for being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning whether the district court erred in by imposing a four-level increase in Pettiford's base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016), for possession of a firearm "in connection with another felony offense," *id.*, here possession of body armor by a convicted felon.[*] Pettiford has been notified of his right to do so, but has not filed a pro se brief. We affirm.

In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). To apply the § 2K2.1(b)(6) enhancement, the Government must prove, by a preponderance of the evidence, that the defendant possessed or used a gun and that the possession or use was in connection with another felony offense. *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). The "in connection with" requirement is satisfied if the firearm "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "In other words, the firearm must have some

[*] Violent felons may not own, possess, or purchase body armor. *See* 18 U.S.C. 931(a) (2012).

2

purpose or effect with respect to the crime, its presence or involvement cannot be the result of accident or coincidence." *United States v. Hampton*, 628 F.3d 654, 663 (4th Cir. 2010) (ellipsis and internal quotation marks omitted). In *United States v. Lipford*, 203 F.3d 259 (4th Cir. 2000), we explained that a drug sale can be facilitated by a related weapons sale, noting that in order to encourage a "drug seller to take the risks inherent in selling contraband," a drug purchaser "can often 'sweeten the pot,' offering to purchase not only drugs, but other illegal goods as well . . . [w]here that other illegal good is a firearm, [its] involvement in the drug transaction is not 'spontaneous' or 'coincidental' . . . . [it] facilitates the drug transaction." *Id.* at 267.

Here, it is undisputed that Pettiford sold body armor to an undercover officer, who later sought to purchase additional body armor and firearms, and that Pettiford possessed and delivered the charged firearms at the same time he delivered the additional sets of body armor. At sentencing the district court found that the guns had the potential to facilitate the sale of the body armor, noting that Pettiford admitted he only profited from the sale of the body armor. We conclude that this evidence adequately linked the charged firearms to the felony of possession of body armor by a convicted felon and therefore the district court did not err in applying the enhancement.

In accordance with *Anders*, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pettiford, in writing, of the right to petition the Supreme Court of the United States for further review. If Pettiford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pettiford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*